### No. 26098

**The People of the State of Colorado v. Harry Eugene Rupert**
(523 P.2d 1406)

Decided July 1, 1974.                     Rehearing denied July 22, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE LEE delivered the opinion of the Court.

Harry Eugene Rupert appeals the denial of his motion for post-conviction review of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).

On May 4, 1965, appellant was convicted of kidnapping in violation of C.R.S. 1963, 40-2-44, and was sentenced to the state penitentiary. The judgment of conviction was affirmed on writ of error on July 31, 1967.

On July 1, 1972, the Colorado Criminal Code went into effect. By section 40-3-302, the offense of which appellant was convicted was designated as a class four felony punishable under section 40-1-105 by a term of not less than one nor more than ten years.

On July 6, 1972, appellant filed his motion for post-conviction relief, seeking a reduction of his sentence to conform with the new sentencing provisions. After a hearing on the mertis of the motion, the court denied relief.

The sole issue presented on appeal is whether the court's ruling on appellant's motion was correct.

This case is controlled by *People v. Herrera,* 183 Colo. 155, 516 P.2d 626, which declared section 40-1-510(1)(f) to be unconstitutional. There, we held that relief from a

sentence validly imposed may not be obtained through the judiciary after final conviction. The judgment of conviction became final when it was affirmed on writ of error on July 31, 1967. The trial court was therefore without jurisdiction to grant post-conviction relief from the sentence imposed.

Appellant here urges that the decision in *People v. Herrera, supra,* was erroneous and that it be overruled. We have reviewed the arguments presented in appellant's brief and do not find them to be persuasive. We reaffirm our holding in *Herrera. See also State ex rel. Smith v. Blackwell,* 500 S.W.2d 97 (Texas).

■ Additionally, our attention has been directed to an Executive Order issued by the Governor of the state of Colorado on June 26, 1973, by which appellant's sentence was commuted. In *People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420, this Court held that the district court has no authority to alter or amend a sentence which has been commuted by the Governor.

For the foregoing reasons, the judgment is affirmed.