**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Joseph Carl LYONS, Defendant–Appellant.**

**No. 79CA0011.**

Colorado Court of Appeals, Div. II.

March 20, 1980.

Rehearing Denied April 10, 1980.

Certiorari Denied Oct. 27, 1980.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colo. State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant–appellant.

KIRSHBAUM, Judge.

On May 19, 1972, the district court sentenced defendant to the penitentiary for an indeterminate term of one day to life under the Sex Offenders Act. Defendant did not appeal that sentence. On September 2, 1976, defendant filed a *pro se* motion to set aside and vacate the sentence pursuant to Crim.P. 35(b). The district court denied that motion, and the Colorado Supreme Court affirmed that decision on October 23, 1978. On November 15, 1978, defendant filed a motion for reduction of sentence pursuant to Crim.P. 35(a). The district court denied the motion on the basis that it lacked jurisdiction to reduce the defendant's sentence at that time. Defendant appeals that decision. We affirm.

At the time here relevant, Crim.P. 35(a) stated in pertinent part as follows:

> "The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the appellate court denying review, or having the effect of upholding a judgment of conviction." (By amendment effective Nov. 13, 1979, this provision, in substantially similar language, is now Crim.P. 35(b).)

Defendant contends that the appellate decision rejecting his Crim.P. 35(b) motion must be construed as "*any* order . . . having the effect of upholding a judgment of conviction" (emphasis added), and that therefore he was entitled to file his Crim.P. 35(a) motion within 120 days of October 23, 1978.

The overall design of Crim.P. 35 suggests that the procedure described by paragraph (a) relates only to immediate and direct appeals of sentences or convictions rather than to subsequent proceedings in the nature of collateral attack. The first two phrases of the rule's definition of the limiting 120–day period, referring to "the" sentence, "the" judgment or dismissal, and "the" appeal, also support such interpretation. However, the rule's final qualifying phrase, although referring to "the" appellate court, also refers to "any" order and "a" judgment of conviction. These distinctions do introduce an element of ambiguity into the rule.

The purpose of Crim.P. 35(a), insofar as it is here pertinent, is to permit the trial court to re-examine the propriety of a sentence previously imposed. *See People v. Malacara*, Colo., 606 P.2d 1300 (1980). However, the executive branch of government, not the judiciary, has the sole authority to modify a legally imposed criminal sentence after the conviction upon which it is based has become final. *Colo.Const.* Art. IV, Sec. 7; *People v. Herrera*, 183 Colo. 155, 516 P.2d 626 (1973). Any ambiguities latent in the syntax of Crim.P. 35(a) must be resolved in light of these principles. Thus, a trial court retains jurisdiction to take a "second look" at a sentence previously imposed only before the judgment of conviction underlying such sentence has become final.

For purposes of the rule's sentence reduction provisions, a conviction is final 120 days after the imposition of sentence when that conviction is not appealed, and 120 days after the conclusion of the appellate process if the conviction or sentence is directly appealed. *People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975); *People v. Rupert*, 185 Colo. 288, 523 P.2d 1406 (1974). As defendant did not appeal his sentence of May 19, 1972, his conviction in this case became final 120 days thereafter. Subsequent to that date the trial court had no jurisdiction to review the propriety of his sentence pursuant to Crim.P. 35(a).

Order affirmed.

RULAND and STERNBERG, JJ., concur.