**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

**v.**

**Clarence Willie AKINS, Defendant-Appellee.**

**No. 82SA393.**

Supreme Court of Colorado, En Banc.

May 2, 1983.

Robert L. Russel, Dist. Atty., William A. Aspinwall, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellee.

LOHR, Justice.

The People appeal from an amended judgment of the El Paso County District Court reflecting a reduction of the defendant's sentence pursuant to his motion under

---

Crim.P. 35(b).[1] As the sole basis for this appeal, the district attorney contends that the Crim.P. 35(b) motion was untimely, so the trial court lacked authority to consider the requested sentence reduction. We agree and therefore reverse the amended judgment.

The defendant, Clarence Willie Akins, pleaded guilty to the crime of aggravated robbery[2] and was sentenced to a term of twenty to twenty-five years imprisonment on May 10, 1974.[3] Akins did not appeal. Six years later, on May 12, 1980, the defendant challenged his conviction by a motion under Crim.P. 35(c) based on the contention that his plea was not voluntarily and understandingly made, as required by Crim.P. 11(b)(1) and the due process clause of the fourteenth amendment to the United States Constitution. After a hearing the trial court denied the motion. The defendant appealed from that ruling and the Colorado Court of Appeals affirmed in an unpublished opinion. *People v. Akins* (No. 80CA1266, announced October 29, 1981).

Within 120 days of the date of the entry of the court of appeals' judgment upholding Akins' conviction, he filed in the trial court a motion for reduction of sentence pursuant to Crim.P. 35(b). After a hearing, the district court granted the motion, reduced the defendant's sentence to ten to fifteen years, and entered an amended judgment and sentence accordingly.

In ruling on the Crim.P. 35(b) motion, the trial court noted that the district attorney had questioned the timeliness of the motion. The court ruled that the motion was timely because it was filed within 120 days of entry of the judgment of the court of appeals affirming denial of relief under Crim.P. 35(c). *See* Crim.P. 35(b)(3). In this appeal, the district attorney challenges that ruling.

In support of the trial court's ruling, the defendant relies upon the following relevant part of Crim.P. 35(b):

> The court may reduce the sentence provided that a motion for reduction of sentence is filed ... (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence.

He argues that the court of appeals' affirmance of the trial court's denial of his motion for postconviction review under Crim.P. 35(c)(2) was a "judgment" of that court "having the effect of upholding a judgment of conviction." This proposed construction of Crim.P. 35(b), while possessing a certain plausibility based on the language of the rule,[4] does not withstand scrutiny when the resentencing provisions of the rule are considered as a whole and in light of their manifest purpose.

After a conviction has become final, relief from a validly imposed sentence cannot be obtained through the judiciary but must instead be sought through the executive department by way of commutation. *People v. Herrera,* 183 Colo. 155, 516 P.2d 626 (1973). We have upheld the resentencing authorization of Crim.P. 35(b) as consistent with *People v. Herrera* because "[t]he rule suspends the finality of the conviction for a period of 120 days from the time sentence is imposed, or for 120 days after final disposition on appeal, to allow the filing of a motion for reduction of sentence in the trial court." *People v. Smith,* 189 Colo. 50, 51, 536 P.2d 820, 822 (1975).

1. At the times relevant to the present case, Crim.P. 35 was subdivided differently than it has been since amendment of the rule effective November 13, 1979. For convenience and clarity, we use post-amendment references in this opinion.

2. Section 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8).

3. This sentence runs concurrently with an eight to ten year sentence for a prior aggravated robbery conviction. An aggravated robbery conviction subsequent to that in the present case resulted in a consecutive sentence of either twenty to thirty-five years or twenty-five to thirty-five years according to conflicting references in the record. Sentences for the first and third convictions are not at issue in the present case.

4. *See People v. Lyons,* 44 Colo.App. 126, 127, 618 P.2d 673, 674 (1980), discussing the ambiguities in the language.

There is no time limit for filing motions under Crim.P. 35(c)(2). To hold that denial of a motion under that rule triggers a new 120 day period for filing a Crim.P. 35(b) motion for reduction of sentence would effectively defer the finality of the conviction indefinitely. The Colorado Court of Appeals considered this question under facts essentially the same as those before us now in *People v. Lyons,* 44 Colo.App. 126, 618 P.2d 673 (1980). It noted the ambiguities in the language of Crim.P. 35(b) but held that the rule must be construed to effectuate its purpose to afford the trial court an opportunity to reexamine the propriety of the sentence imposed, while adhering to the principle that only the executive department has the authority to modify a legally imposed criminal sentence after the conviction upon which it is based has become final. To accomplish this accommodation, the court held:

> For purposes of the rule's sentence reduction provisions, a conviction is final 120 days after the imposition of sentence when that conviction is not appealed, and 120 days after the conclusion of the appellate process if the conviction or sentence is directly appealed. *People v. Smith,* 189 Colo. 50, 536 P.2d 820 (1975); *People v. Rupert,* 185 Colo. 288, 523 P.2d 1406 (1974). As defendant did not appeal his sentence of May 19, 1972, his conviction in this case became final 120 days thereafter. Subsequent to that date the trial court had no jurisdiction to review the propriety of his sentence pursuant to Crim.P. [35(b)].

618 P.2d at 675. *Cf. People v. Jenkins,* 40 Colo.App. 140, 575 P.2d 13 (1977) (where the trial court has initially imposed sentence on a defendant, has suspended execution of the sentence and granted probation, and probation is thereafter revoked, the imposition of sentence after revocation of probation triggers the 120 day period within which sentence reduction may be sought under Crim.P. 35(b)(1)).

Federal courts considering similar questions of interpretation under the Federal Rules of Civil Procedure have reached results consistent with *People v. Lyons, supra.*

*United States v. Gonzalez-Perez,* 629 F.2d 1081 (5th Cir.1980) (denial of late-filed petition for certiorari does not trigger a new period for filing a motion to reduce sentence); *United States v. Dansker,* 581 F.2d 69 (3d Cir.1978) (denial of motion for new trial based on newly discovered evidence does not begin a new period within which to file a motion to reduce sentence); *United States v. United States District Court,* 509 F.2d 1352 (9th Cir.1975), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975) (motion to "clarify" sentence filed well after 120 day period expired will not relate back to earlier motion timely filed and previously granted). We agree with the reasoning and the holding of the Colorado Court of Appeals in *People v. Lyons.*

The amended judgment of the El Paso County District Court is reversed and the cause is remanded to that court for reinstatement of the original judgment of conviction and sentence.