The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Troy Roger CAGLE, Defendant–Appellant.

No. 89CA0596.

Colorado Court of Appeals, Div. IV.

Jan. 17, 1991.

Rehearing Denied Feb. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russel, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Janet Fullmer Youtz, Deputy

State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Troy Roger Cagle, appeals the order of the trial court refusing to consider his Crim.P. 35(b) motion for reduction of sentence. We reverse.

Defendant was convicted of one count of possession of a Schedule I controlled substance and one count of driving under denial. In a previous appeal, those convictions were affirmed. *People v. Cagle*, 751 P.2d 614 (Colo.), *cert. denied*, 486 U.S. 1028, 108 S.Ct. 2009, 100 L.Ed.2d 597 (1988).

Defendant was originally sentenced to twelve years imprisonment plus one year of parole. He filed a Crim.P. 35(b) motion to have his sentence reconsidered before he filed his notice of appeal from the judgments of conviction. At that time, the trial court suspended his sentence and placed him on probation. He then filed his notice of appeal. While that appeal was pending, defendant's probation was revoked pursuant to § 16–11–206, C.R.S. (1986 Repl.Vol. 8A), and he was re-sentenced to a term equal to the balance of his original sentence.

Within 120 days after the appellate affirmance of his convictions, defendant filed a second Crim.P. 35(b) motion to have his sentence again reconsidered. Relying on the statement in *People v. Fuqua*, 764 P.2d 56 (Colo.1988), that Crim.P. 35 "permits a court *one* opportunity to reconsider ... a previously imposed sentence...." (emphasis added), the trial court concluded that there can be only a single motion to reconsider a sentence filed under Crim.P. 35(b), even if any subsequent motion is filed within the time limits of Crim.P. 35(b). Thus, the court refused to pass on defendant's motion.

Defendant contends that the trial court erred in concluding that it lacked jurisdiction to reconsider his sentence. We agree.

Crim.P. 35(b) expressly allows a defendant to request the court to reconsider his sentence if such a request is made within 120 days after sentence is imposed "or" within 120 days after the determination of any appeal. Except to the extent that the use of the word "or" might be deemed to do so, nothing within the provisions of this rule restricts a defendant from filing more than one request for reconsideration, so long as each motion is filed within the period prescribed.

The effect of Crim.P. 35(b) is to suspend the finality of the sentence imposed for the period set forth in that rule, which may extend to a time 120 days after all appellate rights have been exhausted. *See People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975). And, if a timely motion under this rule is filed, the trial court retains jurisdiction to modify the sentence previously imposed beyond that period, if it acts within a reasonable time thereafter. *People v. Fuqua, supra.*

We have discovered no case that has prohibited, under similar court rules, consecutive timely requests. On the contrary, in the only opinion directly addressing the question, the Wyoming Supreme Court determined that nothing within its comparable rule prohibited more than one motion. *Nelson v. State*, 733 P.2d 1034 (Wyo.1987).

In addition, there have been several reported decisions under the federal counterpart to Crim.P. 35(b) (Fed.R.Crim.P. 35(b) as it existed prior to 1984) in which multiple motions to reconsider were filed. Uniformly, these decisions have determined the propriety of each motion based solely upon a consideration of its timeliness; in no case has it been suggested that the filing of more than one motion was itself prohibited. *See United States v. Fields*, 730 F.2d 460 (6th Cir.1984); *United States v. Counter*, 661 F.2d 374 (5th Cir.1981); *United States v. Dansker*, 581 F.2d 69 (3rd Cir.1978); *United States v. Badr*, 666 F.Supp. 37 (E.D.N.Y.1987).

In light of this jurisprudence, we do not consider the word "or," as it is used in Crim.P. 35(b), as a word intended to restrict the number of motions that may be filed. That rule establishes two time limits for reconsideration because of its recognition that an appeal might not be filed in every case. In the absence of an appeal, such a

motion must be filed within 120 days from the date that sentence is imposed.

If an appeal is filed, however, the trial court lacks jurisdiction to pass upon a Crim.P. 35(b) motion during the pendency of that appeal. *People v. District Court,* 638 P.2d 65 (Colo.1981). In such cases, the trial court's sentence does not become final until 120 days after the final appellate court order.

Because of the difference between the times at which a sentence becomes final, depending on whether or not an appeal is pursued, the placing of a time limitation on the filing of a Crim.P. 35(b) motion necessarily required that two time limits be established. And, the disjunctive provisions of Crim.P. 35(b) were intended merely to recognize the different times at which a sentence might become final.

We discern nothing in those provisions, however, that would prohibit a defendant from filing a Crim.P. 35(b) motion within 120 days of the imposition of sentence, even if he later appeals, or that would prohibit a defendant from filing such a motion after his appeal has been finally denied, even if he had filed a motion before instituting that appeal. Thus, we conclude that there is no prohibition against the court considering a second request for sentence reduction, provided each request is filed in a timely fashion.

Further, we do not consider anything said in *People v. Fuqua, supra,* to require a contrary result. The issue presented here was not presented in *Fuqua,* and the supreme court did not consider it. While the language that the trial court relied upon appears in the *Fuqua* opinion, it was used in a discussion of the underlying purpose for Crim.P. 35(b) and was not, in our view, intended to be read as a restriction upon a trial court's jurisdiction under that rule. Indeed, the result in *Fuqua* came from an expansive, not from a restrictive, analysis of the court's powers under Crim.P. 35(b).

Accordingly, we conclude that the trial court erred in refusing to consider the merits of plaintiff's motion, and this cause must be remanded to it for that purpose.

The order of the trial court is reversed, and the cause is remanded to that court for further proceedings consistent with the views set forth herein.

MARQUEZ and DAVIDSON, JJ., concur.