The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Carmen Katherine ARNOLD,
Defendant–Appellant.

No. 94CA0617.

Colorado Court of Appeals,
Div. I.

May 18, 1995.

Rehearing Denied Aug. 31, 1995.

Extension of Time to File Certiorari
Denied Nov. 21, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Carmen Katherine Arnold, appeals from the order denying her motion for reduction of sentence pursuant to Crim.P. 35(b). The trial court held that the motion was not timely filed. We reverse and remand for further proceedings.

Pursuant to plea negotiations, defendant entered a guilty plea to one count of theft, and on February 2, 1990, she was sentenced to four years probation. Approximately two years later, the state filed a motion to revoke defendant's probation, alleging certain violations of the conditions imposed in conjunction with the sentence.

Following a hearing, the court revoked defendant's probation and sentenced her to six years in a community corrections facility. Because of her failure to comply with several of the rules of the community corrections program, the defendant was terminated from that program in December 1993 and sentenced to the Department of Corrections for a three-year term.

On February 25, 1994, acting pursuant to Crim.P. 35(b), defendant filed a motion for reconsideration of her sentence, arguing that her strong family ties and her efforts at rehabilitation since her conviction warranted the change. The court denied the motion. It reasoned that defendant's termination from community corrections and transfer to the Department of Corrections was not a new sentence but merely a change in the physical location of her place of supervision and confinement. Hence, the court determined that the 120-day limitation period in Crim.P. 35(b) began to run in 1992 upon the imposition of her sentence to community corrections and, therefore, the motion filed in 1994 was untimely.

## I.

Defendant contends the court erred in determining that her Crim.P. 35(b) motion was not timely. We agree.

Crim.P. 35(b) provides, in pertinent part, that a court may reduce a sentence provided that the motion for reduction of sentence is filed within 120 days after the sentence is imposed. The statutory 120-day period within which a court may reduce a sentence is jurisdictional. A court is divested of jurisdiction to reduce the sentence only in those cases in which the defendant has failed to file a motion within the respective 120-day periods mandated by the rule or, if no motion is filed, the court declines to reduce the sentence on its own motion within those 120-day periods set forth in the rule. *People v. Fuqua,* 764 P.2d 56 (Colo.1988).

A motion for reduction of sentence pursuant to Crim.P. 35 is essentially a plea for leniency. It is intended to give every convicted offender a second round before the sentencing court and to give the court the opportunity to reconsider the sentence in light of further information about the defendant or the case which is presented after the initial sentencing. *United States v. Colvin,* 644 F.2d 703 (8th Cir.1981). The effect of the rule is to suspend the finality of the sentence imposed for a 120-day period for the limited purpose of the court's consideration of a defendant's request for sentence reduction. *People v. Cagle,* 807 P.2d 1233 (Colo.App.1991).

The issue before us is whether a new 120-day limitation period as provided in Crim.P. 35(b) begins to run every time a defendant receives a new sentence in connection with the same judgment of conviction. We must also determine whether defendant's sentence to the Department of Corrections was a new sentence or merely an extension of her exist-

ing sentence to community corrections. These are issues of first impression in Colorado.

In construing Crim.P. 35(b), we employ the same interpretive rules applicable to statutory construction. Hence, we must look to the language of the rule itself, and if it is plain and unambiguous, we apply the rule as written. *People v. Fuqua, supra.*

We initially note that the rule does not limit a defendant to one motion for reduction of sentence. The only limitation in the language of the rule itself is that a defendant file his or her motion for reduction of sentence within 120 days after the imposition of sentence. Hence, the plain language of the rule does not bar multiple timely motions for reduction of sentence. *See People v. Cagle, supra.*

Nor does the rule, by its plain language, specifically limit the filing of a Crim.P. 35(b) motion to the *original* sentence imposed on the conviction. The only filing limitation in the rule is that the motion must be filed within 120 days "after the sentence is imposed."

This construction of Crim.P. 35(b) is consistent with the purpose of Crim.P. 35. It gives a defendant the opportunity to ask for leniency in cases in which, as here, a more severe sentence is imposed subsequent to a sentence to probation or community corrections.

Moreover, our interpretation of the rule is consistent with previous cases interpreting Crim P. 35(b) in which the court's power to reduce a sentence has been treated expansively rather than restrictively. *See People v. Dean,* 894 P.2d 13 (Colo.App. No. 93CA0709, October 20, 1994).

We are not persuaded by the People's claim that *People v. Akins,* 662 P.2d 486 (Colo.1983) mandates a different result. The issue examined in *Akins* did not involve the imposition of multiple sentences as is the case before us now. In *Akins,* the court dealt only with the propriety of filing a Crim.P. 35(b) motion after an appellate court had ruled on a Crim.P. 35(c) motion filed six years after the initial conviction. Hence, our conclusion here is not inconsistent with that

supreme court decision. The two decisions examine different provisions of Crim.P. 35(b).

Nor are we persuaded that our conclusion is contrary to the purpose of the rule. Our conclusion does not, contrary to the People's contention, impinge upon the authority of the executive branch because it is a new sentence that is being examined rather than an existing sentence. Nor does our conclusion put an undue burden on the trial courts because the circumstances in which a Crim.P. 35(b) motion might be filed several years after the original sentence was imposed are rare and do not occur so frequently as to overwhelm the courts.

Finally, the People's reliance on *United States v. Ferri,* 686 F.2d 147 (3d Cir.1982) and *United States v. Llinas,* 670 F.2d 993 (11th Cir.1982), is misplaced. As those cases point out, there is a distinction between a reduction or correction of a sentence and the imposition of a sentence. We are examining the latter in this case.

We therefore conclude that when, as here, a defendant is originally sentenced to probation or community corrections and that sentence or previous sentences are revoked and the defendant is resentenced to the Department of Corrections, then such defendant is entitled to file a motion for reduction of the later sentence pursuant to Crim.P. 35(b).

Nor do we view this conclusion to be in conflict with *People v. Fuqua, supra.* In that case the supreme court stated that the only jurisdictional limit in Crim.P. 35(b) on the court's authority to reduce a sentence is the requirement that the defendant file the motion for reduction of sentence within 120 days after the imposition of the "original" sentence. However, the issue before us now was not before the court in *Fuqua,* and therefore, we cannot say that the phrase "original sentence" has any impact on the conclusion reached herein.

## II.

Having concluded that defendant could file a Crim.P. 35(b) motion to challenge a new sentence imposed upon her, we must next determine whether defendant's sentence

to the Department of Corrections constitutes a new sentence, thus triggering the 120–day limitation period in the rule.

The trial court concluded that defendant's termination and transfer to the Department of Corrections was not a new sentence. Rather, the court reasoned that it was merely a change in the physical location of her place of supervision, confinement, and incarceration. Therefore, the court ruled that the date of sentence was the date defendant was sentenced to community corrections and that defendant does not have the right to reconsideration of her sentence. We disagree with the trial court and conclude that defendant's sentence to the Department of Corrections was a new sentence which triggered the provisions of Crim.P. 35(b).

■ There are three ways in which a defendant may be placed in a community corrections program. He or she may be directly sentenced to a facility by the trial court, placed in community corrections as a condition of probation, or transferred to a facility by the Department of Corrections. *People v. Akin,* 783 P.2d 267 (Colo.1989). Those offenders placed directly in a community corrections program by the trial court are not considered in the custody of the Department of Corrections. *See People v. Wilhite,* 817 P.2d 1017 (Colo.1991).

Here, there is absolutely nothing in the record before us to indicate that defendant's 1992 sentence to community corrections was anything but a direct sentence. The amended mittimus allowed the court to indicate that defendant was being placed in the custody of the executive director of the Department of Corrections. However, this sentencing option on the mittimus was not checked. Rather, the option of a direct sentence to community corrections was selected by the trial court. Hence, we find no basis for the trial court's conclusion that defendant's sentence to the Department of Corrections following her termination from the community corrections program was merely an extension of an existing sentence. To the contrary, defendant's Department of Corrections sentence was clearly a new sentence.

The imposition of the sentence to the Department of Corrections was not an automatic procedure flowing from defendant's termination from the community corrections facility. As pertinent here, when a defendant is terminated from the community corrections program, a court is:

> authorized to make appropriate orders for the transfer of such offender to the department and to resentence such offender and impose any sentence which might originally have been imposed without increasing the length of the original sentence.

Section 17–27–103(3), C.R.S. (1986 Repl.Vol. 8A); *see* § 17–27–114(2), C.R.S. (1986 Repl. Vol. 8A). Accordingly, the trial court once again had to evaluate its sentencing options and select the appropriate punishment for the defendant. Under these circumstances, it is evident that a new sentence was actually imposed.

Therefore, the trial court erred in denying defendant's Crim.P. 35(b) motion based on timeliness and the fact that a new sentence had not been imposed. Thus, the case must be remanded for reconsideration of defendant's motion on the merits.

■ We note that, although the trial court must consider the motion, it is not prohibited from taking the defendant's unfavorable conduct into account when ruling on the motion. *Mamula v. People,* 847 P.2d 1135 (Colo.1993).

In view of our conclusions, we need not consider defendant's remaining contentions.

The order is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

METZGER and CASEBOLT, JJ., concur.