23CA0807 Peo v Garrett 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0807
El Paso County District Court No. 12CR2344
Honorable David Shakes, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shane Erik Garrett,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE BROWN
Welling and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Cynthia A. Harvey, Alternate Defense Counsel, Aurora, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Shane Erik Garrett, appeals the district court's order denying his second Crim. P. 35(b) motion for reduction of sentence.  We affirm.

## I.     Background

¶ 2     A jury found Garrett guilty of two counts of identity theft, possession of methamphetamine, second degree burglary, conspiracy to commit second degree burglary, theft, and possession of burglary tools.  The district court subsequently adjudicated Garrett a habitual criminal, denied his request for an extended proportionality review of his sentence, and sentenced him to a controlling forty-eight-year prison sentence.

¶ 3     A division of this court affirmed the judgment of conviction and sentence.  *See People v. Garrett*, (Colo. App. No. 13CA1174, Sept. 10, 2015) (not published pursuant to C.A.R. 35(f)).  The mandate issued in March 2016.  After his conviction became final on appeal, Garrett filed a timely Crim. P. 35(b) motion for reduction of sentence, which the postconviction court denied.

¶ 4     In 2017, Garrett filed a Crim. P. 35(c) motion for postconviction relief, which the postconviction court denied after an evidentiary hearing.  A division of this court affirmed the order.  *See*

*People v. Garrett,* (Colo. App. No. 19CA1381, Apr. 28, 2022) (not published pursuant to C.A.R. 35(e)) (*Garrett II*).  The mandate issued on December 12, 2022.

¶ 5    On April 14, 2023, Garrett filed a second Crim. P. 35(b) motion for reduction of sentence, which he argued was timely filed following the issuance of the mandate in *Garrett II.*  The postconviction court denied the motion, concluding that it was untimely under *People v. Akins,* which held that the affirmance of an order denying a Crim. P. 35(c) motion does not extend the timeframe within which a Crim. P. 35(b) motion may be filed.  662 P.2d 486, 488 (Colo. 1983).  The postconviction court nevertheless considered the merits of the motion and held that, while Garrett "ha[d] made progress in his rehabilitation," "the circumstances of the offense and prior criminal history indicate[d] that the sentence imposed was and remain[ed] appropriate."

## II.    Garrett's Crim. P. 35(b) Motion Was Not Timely

¶ 6    Garrett appeals, arguing that the postconviction court erred by denying his motion as untimely and failing to consider all the information he submitted in support of the motion.  Because we

conclude that his motion was not timely filed, we need not address his second contention.

¶ 7     As relevant here, Crim. P. 35(b) provides that "[t]he court may reduce [a defendant's] sentence provided that a motion for reduction of sentence is filed . . . within 126 days (18 weeks) after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence."  A challenge to the timeliness of a Crim. P. 35(b) motion calls into question the district court's subject matter jurisdiction, which we review de novo.  *See Herr v. People*, 198 P.3d 108, 112 (Colo. 2008); *see also People v. Maser*, 2012 CO 41, ¶ 10.

¶ 8     Garrett contends that the postconviction court erred by denying his motion as untimely because he filed it within 126 days of when the mandate issued in *Garrett II*.  He argues that this court's decision affirming the postconviction court's denial of his Crim. P. 35(c) motion amounted to the entry of an appellate court judgment having the effect of upholding a judgment of conviction or

sentence. He does not address the postconviction court's reliance on *Akins*.[1]

¶ 9    *Akins* considered and rejected Garrett's argument that the issuance of a mandate from an appeal affirming the denial of a Crim. P. 35(c) motion triggers a new 126-day timeframe for a defendant to file a Crim. P. 35(b) motion. *See Akins*, 662 P.2d at 487-88; *see also People v. Fuqua*, 764 P.2d 56, 60 n.2 (Colo. 1988) ("Nothing in our opinion today is intended to modify our prior decision in *Akins*" that "[t]he denial of a Crim. P. 35(c) motion . . . does not trigger a new 120-day period for filing a motion for reduction of sentence."). We are bound by that holding. *See People v. Eason*, 2022 COA 54, ¶ 68.

¶ 10    Accordingly, we conclude that the postconviction court did not err by denying Garrett's Crim. P. 35(b) motion for reduction of sentence as untimely filed. *See Ghrist v. People*, 897 P.2d 809, 813

---

[1] In his reply brief, Garrett argues that the legislature's 2023 amendment to section 18-1.3-801(6), C.R.S. 2024, to allow for habitual sentence modification after ten years "arguably overruled" and "would appear to override" the holding in *People v. Akins*, 662 P.2d 486 (Colo. 1983). *See* Ch. 297, sec. 2, § 18-1.3-801(6), 2023 Colo. Sess. Laws 1780. Because he raises this argument for the first time in his reply brief, we do not consider it. *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

(Colo. 1995) ("If [a Crim. P. 35(b)] motion is not filed within the prescribed period it must be denied unless it falls under a recognized exception."); *Fuqua*, 764 P.2d at 59 ("[A] court is divested of jurisdiction to reduce [a] sentence only in those cases in which the defendant has failed to file a [Crim. P. 35(b)] motion within the . . . period[] mandated by the rule."). As a result, we need not address Garrett's challenge to the postconviction court's denial of his motion on the merits.

## III. Disposition

¶ 11 The order is affirmed.

JUDGE WELLING and JUDGE MOULTRIE concur.