23CA0644 Peo v Theodoratos 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0644
Jefferson County District Court No. 14CR2805
Honorable Tamara S. Russell, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Amberlee Elizabeth Theodoratos,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kamela Maktabi, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Amberlee Elizabeth Theodoratos (Theodoratos), appeals the postconviction court's order denying her most recent Crim. P. 35(b) motion for a sentence reduction. We affirm.

## I.    Background

¶ 2    Theodoratos pled guilty to aggravated robbery, first degree burglary, identity theft, and two crime of violence counts, in exchange for the dismissal of other charges. In 2015, the district court sentenced her to fourteen years in prison on the aggravated robbery count; a consecutive fourteen years in prison on the burglary count; and five years in prison on the identity theft count, which ran concurrently to the aggravated robbery sentence and consecutively to the burglary sentence. In 2016, Theodoratos filed a timely Crim. P. 35(b) motion, which the postconviction court summarily denied.

¶ 3    In 2018, Theodoratos filed a postconviction motion, which was later supplemented by appointed counsel. In resolving the motion, the postconviction court found, as relevant here, that the aggravated robbery and first degree burglary convictions should have merged because they were based on identical evidence and that, consequently, the consecutive sentences imposed on those

1

convictions were illegal. The court issued an amended mittimus reflecting this finding and ordering the sentences imposed on each count to run concurrently.

¶ 4     On appeal, a division of this court reversed, concluding that the aggravated robbery and first degree burglary convictions were not based on identical evidence and that concurrent sentencing was not required. *See People v. Theodoratos*, slip op. at ¶¶ 1, 15-17 (Colo. App. No. 19CA2169, Mar. 25, 2021) (not published pursuant to C.A.R. 35(e)) (*Theodoratos I*). The division further determined that, because the convictions were crimes of violence, the court was statutorily required to order the sentences to run consecutively to each other. *Id.* at ¶ 17. Consequently, the division reversed the order and remanded the case for the postconviction court "to reinstate the original sentencing order that included two consecutive fourteen-year prison sentences for the first degree burglary and aggravated robbery convictions, and a five-year prison sentence for the identity theft conviction, to be served concurrently with the aggravated robbery sentence, but consecutive to the first degree burglary sentence." *Id.* at ¶ 18.

¶ 5     The mandate issued in September 2021, and the postconviction court issued an October 2021 mittimus that complied with the mandate and reflected the terms of the original sentencing order.  The court entered the mittimus "*nunc pro tunc* to original sentencing date of December 14, 2015."

¶ 6     In January 2022, Theodoratos filed a second Crim. P. 35(b) motion for reduction of sentence.  The focus of the ensuing proceeding was whether the court had jurisdiction to consider the motion.  Theodoratos argued, as relevant here, that *Theodoratos I* "never held the 2015 sentence was 'final' and therefore the 'judicial branch' lacked constitutional or jurisdictional authority to reconsider [her] sentence under Rule 35(b)."  She also asserted that the October 2021 mittimus resulted in a new sentence and that the court had jurisdiction to reconsider a newly imposed sentence.

¶ 7     In a written order, the postconviction court held that it did not have jurisdiction to address Theodoratos' 2022 Crim. P. 35(b) motion for sentence reconsideration.  The court found that, since the mandate in *Theodoratos I* "was to 'reinstate the original sentence', the Court of Appeals did not give the [d]istrict [c]ourt the opportunity to once again evaluate its sentencing options."  The

court thus found that "reinstating the original sentence on remand d[id] not qualify . . . as a 'new sentence.'"

## II.    Standard of Review and Applicable Law

¶ 8    We review a court's jurisdiction to consider a Crim. P. 35(b) motion de novo. *See Herr v. People,* 198 P.3d 108, 112 (Colo. 2008); *see also People v. Maser,* 2012 CO 41, ¶ 10.

¶ 9    A court may reduce a defendant's sentence if a motion for reduction of sentence is filed within 126 days from, as relevant here, the imposition of the sentence. Crim. P. 35(b). This 126-day period commences only upon the imposition of a legal sentence. *Delgado v. People,* 105 P.3d 634, 635, 638 (Colo. 2005). The purpose of Crim. P. 35(b) "is to suspend the finality of the . . . sentence [during the Rule's time period] for the limited purpose of . . . permitting the defendant to request a reduction of sentence." *People v. Fuqua,* 764 P.2d 56, 59 (Colo. 1988); *see also People v. Arnold,* 907 P.2d 686, 687 (Colo. App. 1995) (Crim. P. 35(b) is intended "to give the court the opportunity to reconsider the sentence in light of further information about the defendant or the case which is presented after the initial sentencing.").

4

¶ 10    Because "only the executive department may modify a legally imposed criminal sentence after the conviction upon which it is based has become final," the 126-day period is jurisdictional. *Mamula v. People*, 847 P.2d 1135, 1137 (Colo. 1993); *see also Arnold*, 907 P.2d at 687. Accordingly, once the time limit expires, the court is divested of jurisdiction to reduce a sentence. *Fuqua*, 764 P.2d at 59; *Arnold*, 907 P.2d at 687.

### III.    Analysis

¶ 11    Theodoratos first contends that the postconviction court erred by finding that it lacked jurisdiction to consider her 2022 Crim. P. 35(b) motion because nothing in the mandate from *Theodoratos I* precluded the court from reconsidering her sentence on remand. We agree that *Theodoratos I* did not contain language precluding the postconviction court from reconsidering Theodoratos' reinstated sentences. Indeed, as Theodoratos concedes, that appeal did not address Crim. P. 35(b) issues.

¶ 12    But Theodoratos does not explain why the lack of such preclusion in the mandate necessarily conferred jurisdiction on the postconviction court to consider a new Crim. P. 35(b) motion. Notwithstanding the prior division's understandable silence on the

5

court's ability to act pursuant to Crim. P. 35(b), the court must still have jurisdiction to be able to consider Theodoratos' 2022 motion. *See People in Interest of J.W. v. C.O.*, 2017 CO 105, ¶ 21 ("'[J]urisdiction' is the court's authority to hear and determine a matter; it is the court's power to decide. A judgment rendered without jurisdiction is void . . . .") (citation omitted); *see also Ghrist v. People*, 897 P.2d 809, 813 (Colo. 1995) ("[A] reviewing court must determine the timeliness of the [Crim. P. 35(b)] motion, considering both when it is filed and when it is heard.").

¶ 13    Thus, we turn to Theodoratos' other argument that the October 2021 mittimus resulted in the imposition of a new sentence, which the court had jurisdiction to reconsider within 126 days. We disagree that a new sentence was imposed.

¶ 14    Crim. P. 35(b) does not limit the filing of a motion for sentence reconsideration to only the original sentence imposed on a conviction. *Arnold*, 907 P.2d at 688. Instead, the rule allows a defendant to timely file a motion for a reduction of sentence when a new sentence is imposed. *Delgado*, 105 P.3d at 638; *Arnold*, 907 P.2d at 688.

¶ 15    But we are not convinced that the October 2021 mittimus resulted in the imposition of a new sentence subject to reconsideration pursuant to Crim. P. 35(b).  The mandate from *Theodoratos I* clearly remanded the case for the court to "reinstate the original sentencing order," and it explicitly listed the original sentences.  The postconviction court had no discretion to impose *any* sentence on remand but was required to simply reinstate the legal sentences it had originally imposed from 2015.  *Cf. Arnold,* 907 P.2d at 689 (concluding that the court imposed a new sentence where the new sentence was not an extension of an existing sentence and the court "once again had to evaluate its sentencing options and select the appropriate punishment for the defendant"); *see also Powell v. Hart,* 854 P.2d 1266, 1267 (Colo. 1993) (A "trial court must comply with the mandate of a[n] . . . appellate court.").

¶ 16    *Theodoratos I* effectively held that Theodoratos' original sentences were legal, and she does not claim otherwise in her 2022 postconviction motion or in this appeal.  Thus, Crim. P. 35(b)'s 126-day period began running upon the 2015 imposition of Theodoratos' legal sentences, and the sentences became final when the postconviction court denied her timely filed 2016 Crim. P. 35(b)

7

motion. *See Hunsaker v. People*, 2015 CO 46, ¶ 36 (Crim. P. 35(b)'s 126-day clock begins to run when the court imposes a legal sentence); *People v. Shepard*, 151 P.3d 580, 585 (Colo. App. 2006).

¶ 17    To the extent Theodoratos argues that the prior postconviction proceedings affected the finality of the original sentences, which were reinstated upon the reversal of the postconviction court's statutorily unauthorized modification of the sentences, we are not persuaded. *See Snedeker v. People*, 2025 CO 10, ¶ 16 (a sentence that is inconsistent with statutory requirements is void); *Downing v. People*, 895 P.2d 1046, 1049 (Colo. 1995) ("A sentence imposed by a court that is not authorized by statute is illegal and void."); *see also Mamula*, 847 P.2d at 1138 ("[W]hen construing [Crim. P. 35(b)], and the date a sentence becomes final, we must be mindful to assure that the district court's authority will not be misused as a substitute for the executive department's power of parole and commutation."); *People v. Akins*, 662 P.2d 486, 488 (Colo. 1983) (The denial of a Crim. P. 35(c) motion does not trigger a new time period for filing a Crim. P. 35(b) motion because that "would effectively defer the finality of the conviction indefinitely.").

¶ 18 And to the extent Theodoratos asserts that Crim. P. 35(b) permitted her to file a motion for sentence reconsideration within 126 days of *Theodoratos I*'s mandate, we also reject that argument. *See Akins*, 662 P.2d at 488; *Fuqua*, 764 P.2d at 60 n.2 ("Nothing in our opinion today is intended to modify our prior decision in *Akins*" that "[t]he denial of a Crim. P. 35(c) motion . . . does not trigger a new [time] period for filing a motion for reduction of sentence."); *see also In re Estate of Ramstetter*, 2016 COA 81, ¶ 40 (the court of appeals is bound to follow supreme court precedent).

¶ 19 Accordingly, because Theodoratos' 2022 Crim. P. 35(b) motion was filed more than 126 days after her legal sentences were imposed in 2015, we conclude that the postconviction court did not err by denying the motion for lack of jurisdiction. *See Ghrist*, 897 P.2d at 813 ("If [a Crim. P. 35(b)] motion is not filed within the prescribed period it must be denied unless it falls under a recognized exception."); *Fuqua*, 764 P.2d at 59 (a court is divested of jurisdiction to reduce a sentence pursuant to Crim. P. 35(b) if the defendant has failed to file a motion within the Rule's deadline).

## IV. Conclusion

¶ 20 The order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.