Christy J. SWAINSON, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 83SC305.

Supreme Court of Colorado, En Banc.

Jan. 13, 1986.

Jeffrey R. Edelman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review the decision of the court of appeals in *People v. Swainson*, 674 P.2d 984 (Colo.App.1983), which held that the petitioner, Christy J. Swainson, was not excused from the 120-day time limit for filing a Crim. P. 35 motion for reduction of sentence. We reverse the judgment of the court appeals and remand with directions.

I.

Swainson was originally charged in an information with thirteen counts, including first-degree murder. Under a plea agreement, Swainson pleaded guilty to second-degree murder and stipulated to a fixed sentence of not less than fifteen nor more than twenty years in the Colorado Department of Corrections. The Arapahoe County District Court accepted the plea agreement and imposed the agreed sentence. The district court determined that Swainson had made the plea agreement "voluntarily, knowingly, intelligently and freely" and "had the advice of competent counsel." At the time of sentencing, November 4, 1977, second-degree murder carried a presumptive sentencing range of ten to fifty

years. Swainson could have received the death penalty for the crimes originally charged, but the Colorado death penalty statute was subsequently declared to be unconstitutional in *People v. District Court*, 196 Colo. 401, 586 P.2d 31 (1978).

In April and May, 1980, two years, 166 days after sentence was imposed pursuant to the agreement, Swainson filed pro se motions under Crim.P. 35 to have his sentence reduced retroactively to comply with new sentencing guidelines passed by the General Assembly in 1979. Crim.P. 35 required that the motion for sentence reduction be filed within 120 days after sentencing.[1] Swainson asserted that the delay of more than two years in filing the motion should be excused because he was denied his constitutional right to effective assistance of counsel when his attorney failed to file the Crim.P. 35 motion on his behalf before the 120-day filing deadline elapsed. Swainson claims that he asked his attorney to file the motion in a timely manner but that the attorney failed to do so and gave no valid reason for not filing the motion.

At the hearing on the Crim.P. 35 motion, Swainson testified that soon after he was sentenced, he wrote to his attorney and requested that he file a rule 35 motion for sentence reduction. Swainson said that the attorney responded by letter, stating that the motion should not be filed until the resolution of the case against Swainson's original codefendant (the codefendant's case was resolved some thirteen months later). Swainson could not produce the letter allegedly sent by the attorney, and the attorney testified that he could not recall any written correspondence with Swainson. The attorney stated that he told Swainson at the time the plea agreement was negotiated that the stipulated sentence could not be changed once the plea was entered.

After hearing the evidence, the district court denied Swainson's rule 35 motion. The court found that, since the motion was filed more than two years after the filing deadline had expired, the court lacked jurisdiction to consider the motion under any circumstances. The court made no factual findings regarding Swainson's allegations of ineffective assistance of counsel on his Crim.P. 35 motion.

## II.

Under Crim.P. 35, motions for reduction of sentence must be filed with the trial court within 120 days after sentence is imposed. Once the 120-day limit expires, the trial court's jurisdiction to reduce or change the sentence terminates. *People v. Lyons*, 44 Colo.App. 126, 618 P.2d 673 (1980). However, Crim.P. 45 allows trial courts to extend filing deadlines "for cause shown ... if the failure to act on time was the result of excusable neglect." If Swainson was unconstitutionally deprived of the opportunity to file his Crim. P. 35 motion because of ineffective assistance of counsel, then the trial court would have jurisdiction and could extend the time limit for filing the motion. *United States v. Ackerman*, 619 F.2d 285 (3rd Cir.1980) (Fed.R. Crim.P. 35).

In *Ackerman*, the defendant pleaded guilty to two counts of knowingly distributing a controlled substance. Ackerman was sentenced to five years in prison. After the 120-day time limit for filing Crim.P. 35 motions expired, Ackerman filed a pro se motion to reduce the sentence. He claimed that he should be excused from the time limit because his attorney's failure to timely file the motion amounted to a violation of his sixth amendment right to effective assistance of counsel. Ackerman alleged that his attorney had promised in writing to file the rule 35 motion but later informed

---

1. At the time of Swainson's motions, Crim.P. 35 stated:

    (a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

    (b) Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed....

Ackerman by letter that he had forgotten to file the motion within the 120-day limit.

The federal district court denied Ackerman's motion without holding an evidentiary hearing or making any factual findings regarding his claim of ineffective assistance of counsel in filing the rule 35 motion. The Third Circuit remanded the case to the trial court with directions to conduct a factual hearing on Ackerman's claim. If the district court found that Ackerman was denied effective assistance of counsel, Ackerman was to be resentenced, thereby obtaining an additional 120 days to file his rule 35 motion for reduction of sentence. 619 F.2d at 288.

In the present case, the Arapahoe County District Court did conduct an evidentiary hearing regarding Swainson's claim of ineffective assistance of counsel. The court heard testimony from Swainson and from his former attorney regarding Swainson's allegations. However, the district court dismissed Swainson's motion without making any factual findings on his claim of ineffective assistance of counsel. On the record before us, we are unable to evaluate the merits of Swainson's claim and remand for findings of fact and conclusions of law or for a new hearing on the motion.

Accordingly, the judgment of the court of appeals is reversed, and the case is returned to the court of appeals with directions to remand to the Arapahoe County District Court for specific factual findings on the validity of Swainson's claim of ineffective assistance of counsel and whether Swainson should thereby be excused from the time limit for filing a Crim. P. 35 motion, or to conduct a new hearing on the motion.