**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

**v.**

**Glenne FUQUA, Defendant–Appellee.**

No. 87SA118.

Supreme Court of Colorado, En Banc.

Nov. 7, 1988.

Barney Iuppa, Dist. Atty., Robert B. Harward, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellee.

QUINN, Chief Justice.

The People appeal from a judgment which construed Crim.P. 35(b) as authorizing a sentencing court to retain jurisdiction for the purpose of deciding a motion for reduction of sentence filed within 120 days following the imposition of sentence but not decided by the court until sometime after the expiration of the 120–day filing period mandated by the rule. We vacate the judgment of the district court and remand the case for further proceedings.

## I.

The facts are not in dispute. On January 11, 1985, the defendant, Glenne Fuqua, was sentenced to a term of twenty-three years as a result of his guilty pleas to second degree murder and a crime of violence. On May 10, 1985, 119 days subsequent to the imposition of sentence, the defendant,

through his attorney, filed a motion for reduction of sentence pursuant to Crim.P. 35(b). The court took no action on the motion until November 21, 1986, approximately eighteen months after the expiration of the 120–day filing period, when it conducted a hearing on the motion. During the hearing the People made no objection to the jurisdiction of the court to reduce the sentence. Immediately after the hearing the court entered an order reducing the twenty-three year sentence to twenty-two years.

On December 12, 1986, the People, claiming that the court's jurisdiction to rule on the motion terminated upon the expiration of the 120–day filing period set out in Crim.P. 35(b), filed a motion to reinstate the original sentence. In denying the motion the district court concluded that "[t]imely filing of a motion for reduction of sentence, without further action of any kind by a defendant, should and does operate under [Rule 35(b)] to preserve indefinitely the jurisdiction of the sentencing court." The People thereafter filed this appeal.

## II.

The People argue that the court lost jurisdiction to rule on the defendant's Crim.P. 35(b) motion upon the expiration of the 120–day filing period. We conclude that when, as here, the defendant has filed a motion for reduction of sentence within 120 days after the imposition of sentence, Crim. P. 35(b) vests the court with jurisdiction to rule on the motion for reduction of sentence, but that the motion may be deemed abandoned when the court fails to resolve the motion within a reasonable time after the expiration of the 120–day filing period and when the defendant concomitantly fails to take reasonable efforts to secure an expeditious ruling on the motion.

### A.

In 1961 the Colorado Supreme Court adopted the Colorado Rules of Criminal Procedure. The original version of Rule 35(a) authorized a court "to correct an illegal sentence at any time," but contained no provision permitting the sentencing court to reduce an otherwise legal sentence. *See The Colorado Rules of Criminal Procedure,* 34 Rocky Mtn. L.Rev. 1, 63–65 (1961). In 1970 the court adopted new Rules of Criminal Procedure, including Crim.P. 35(a), which authorized a court not only to correct an illegal sentence at any time but also expressly provided as follows:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review, or having the effect of upholding a judgment of conviction.

Crim.P. 35(a), 1963 C.R.S. (1970 Rev.).

The 1970 version of Crim.P. 35(a) remained in effect until 1979, when the present Rule 35 was adopted. The present version of Crim.P. 35(a) permits a court to correct an illegal sentence at any time, and Crim.P. 35(b), which is central to this case, states as follows:

> *The court may reduce the sentence provided that a motion for a reduction of sentence is filed (1) within 120 days after the sentence is imposed,* or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

Crim.P. 35(b), 7B C.R.S. (1984) (emphasis added).

### B.

 In construing Crim.P. 35(b) we employ the same interpretive rules applicable to statutory construction. *See Regular Route Common Carrier Conference v.*

*Public Utilities Commission,* 761 P.2d 737, 745–46 (Colo.1988). We thus look first to the language of the rule itself, and if the rule is plain and unambiguous, we apply the rule as written. *See Colorado Common Cause v. Meyer,* 758 P.2d 153, 160 (Colo.1988); *People v. Guenther,* 740 P.2d 971, 975 (Colo.1987); *People v. District Court,* 713 P.2d 918, 921 (Colo.1986). In the case of a defendant who has not appealed his conviction or sentence, the only jurisdictional limitation in Crim.P. 35(b) on a court's authority to reduce the sentence is the requirement that the defendant file the motion for reduction within 120 days after the imposition of the original sentence, or, if no such motion is filed, that the court reduce the sentence on its own initiative within 120 days following the imposition of the original sentence. The rule does not state that the court loses jurisdiction if it fails to act on a motion for reduction timely filed within the 120–day period, nor does the rule delineate a specific time within which the court must act on a timely filed motion. The plain sense of the text of Crim.P. 35(b), therefore, is to permit the court to rule on a motion for reduction of sentence after the expiration of the 120–day filing period as long as the motion itself was filed in a timely manner. Stated conversely, a court is divested of jurisdiction to reduce the sentence only in those cases in which the defendant has failed to file a motion within the respective 120–day periods mandated by the rule, or, if no motion is filed, the court declines to reduce the sentence on its own motion within those 120–day periods set forth in the rule.[1]

Our construction of Crim.P. 35(b) takes on added weight when the present version of Crim.P. 35(b) is compared with the pre–1979 version of Crim.P. 35. As pertinent to this case, the first part of the present version of Crim.P. 35(b) states that "[t]he court may reduce the sentence provided that a motion for reduction is filed (1) within 120 days after the sentence is imposed." Prior to November 13, 1979, the effective date of the present rule, Crim.P. 35(a) stated, in relevant part, that "[t]he court may reduce the sentence within 120 days after the sentence is imposed." The clear import of the 1979 revision of Crim.P. 35 is to make clear that a sentencing court is not required to rule on the motion for reduction within 120 days after the imposition of the original sentence but rather may rule on the motion beyond the 120–day period so long as the motion itself is filed within 120 days after the imposition of sentence.

The construction we herein adopt is also consistent with the purpose of Crim.P. 35(b), which is to suspend the finality of the original sentence for a period of 120 days for the limited purpose of either permitting the defendant to request a reduction of sentence or allowing the court to reduce the sentence on its own initiative. *See People v. Smith,* 189 Colo. 50, 51, 536 P.2d 820, 822 (1975) (the 1970 version of Crim.P. 35(a) "suspends the finality" of a sentence for limited purpose of sentence reduction

---

1. When read in isolation, some language in *Swainson v. People,* 712 P.2d 479 (Colo.1986), might be viewed as engrafting on Crim.P. 35(b) a 120–day dispositional limitation on the court's jurisdiction to reduce a sentence. The facts of the case, however, belie such an interpretation. In *Swainson,* the defendant was sentenced on November 4, 1977, and did not file a motion for reduction of sentence until well over two years after the imposition of the original sentence. In his Crim.P. 35(b) motion, Swainson claimed that he requested his attorney to file the motion within 120 days after the sentence, but that his attorney failed to do so in violation of his right to effective assistance of counsel. In the course of our opinion we briefly referred to Crim.P. 35 and stated that "[o]nce the 120–day limit expires, the trial court's jurisdiction to reduce or change the sentence terminates." 712 P.2d at 480. We went on to hold, however, that the district court had jurisdiction to extend the time limit for filing a Crim.P. 35(b) motion beyond the 120–day filing limitation if the court found that the defendant was deprived of the opportunity to file a timely motion because of ineffective assistance of counsel. The brief reference in *Swainson* to the expiration of the trial court's jurisdiction to reduce the sentence, when viewed in the context of the holding of that case, simply means that a sentencing court's jurisdiction to reduce a sentence will normally terminate if a motion for reduction is not filed within 120 days after the imposition of sentence, but that extraordinary circumstances, such as the failure to timely file due to ineffective assistance of counsel, will extend the time limit for filing the motion. *Swainson,* 712 P.2d at 480.

and does not violate separation of powers doctrine or executive power of commutation). The rule thus permits a court one opportunity to reconsider in timely fashion a previously imposed sentence in light of all relevant and material factors which may or may not have been initially considered by the court and, in the exercise of sound judicial discretion, to resentence the defendant to a lesser term within the statutory limits if warranted in the interests of justice. *Smith,* 189 Colo. at 52, 536 P.2d at 822. The basic purpose of Crim.P. 35(b) would be significantly frustrated if, in the case of a timely filed motion for reduction, the finality of the sentence were not further suspended for such reasonable time as necessary for the court to make an informed judicial decision on the motion. The suspension of the finality of sentence for such additional time as necessary for proper resolution of the motion assures reliability in the sentencing process without, however, abridging the principle that the executive department, rather than the judiciary, has the sole authority to modify a legally imposed sentence after the sentence becomes final. *See People v. Akins,* 662 P.2d 486 (Colo.1983);[2] *People v. Lyons,* 44 Colo.App. 126, 618 P.2d 673 (1980).

Finally, our construction of Crim.P. 35(b) is reinforced by a consideration of the consequences of a contrary interpretation. To construe Crim.P. 35(b) as creating a 120-day limitation on the sentencing court's jurisdiction to reduce a previously imposed sentence would hold out the potential for adverse consequences for the sentencing court, the defendant, and the prosecution, especially in cases where the motion is filed near the end of the 120-day period. In such instances, the court would likely be hampered in obtaining information necessary to reach an informed decision on the motion, as would the defendant in securing a thoughtful judicial consideration of the motion and the prosecution in developing a response to the motion. Indeed, under such a construction, a timely filed motion for reduction of sentence would be aborted by operation of law simply due to the court's inability to rule on the motion within the 120-day period. We decline to interpret the rule in such a wooden and formalistic fashion.[3]

We thus conclude that when, as here, a defendant has not appealed his conviction or sentence and files a motion for reduction of sentence within 120 days after the imposition of sentence, the sentencing court does not lose jurisdiction to rule on the motion upon the expiration of the 120-day filing period set out in Crim.P. 35(b). In similar fashion, when a defendant has appealed his conviction or sentence and files a motion for reduction of sentence within 120 days after the sentencing court's receipt of a remittitur upon affirmance of the judgment or sentence or dismissal of the appeal, or within 120 days after entry of an order or judgment of the appellate court denying appellate review or upholding the judgment of conviction or sentence, the sentencing court does not lose jurisdiction to rule on the motion upon the expiration of the 120-day period. In the absence of a timely filed motion for reduction of sentence, the plain terms of Crim.P. 35(b) vest

---

**2.** In *People v. Akins,* 662 P.2d 486 (Colo.1983), we held that when the defendant does not appeal the original sentence but later files a Crim. P. 35(c) motion beyond the expiration of the 120-day filing period of Crim.P. 35(b), the original sentence becomes final, for purposes of Crim.P. 35(b), upon the expiration of the 120-day period. The denial of a Crim.P. 35(c) motion, in other words, does not trigger a new 120-day period for filing a motion for reduction of sentence. Nothing in our opinion today is intended to modify our prior decision in *Akins.*

**3.** In their brief, the People argue that it was incumbent on the defendant to file a motion under Crim.P. 45(b) to enlarge the time for the district court to act on the motion for reduction of sentence. We find this argument devoid of merit. Crim.P. 45(b) permits the court to extend the time for performing an act if an application for extension is made before the expiration of the requisite period for performing the act, as originally prescribed or extended by prior order, or if a motion is filed after the expiration of the specified period when the failure to act was a result of excusable neglect. Since the defendant's motion for reduction of sentence was filed within the 120-day limitation period prescribed by Crim.P. 35(b), there was no need whatever for the defendant to seek an enlargement of that filing deadline. Crim.P. 45(b) is therefore irrelevant to the issue before us.

the sentencing court with jurisdiction to reduce a sentence on its own initiative only if it acts within the respective 120–day periods set out in the rule.

### C.

 In the case of a timely filed motion for reduction, the extension of the sentencing court's jurisdiction to rule on a motion beyond the 120–day period is not interminable. It is the responsibility of the court to rule on the motion within a reasonable time after its filing.[4] When the sentencing court is not disposed to grant the motion, there can be little reason for delay. In this respect, Crim.P. 35(b) provides that the court, after considering the motion and supporting documents, may deny the motion "without a hearing."

A timely ruling on the motion is necessary for several reasons. Expeditious resolution of the motion accords due deference to the principle of finality by recognizing that, once finality of sentence is achieved, any further relief from the sentence must be obtained through the executive department by way of commutation, and not through the judiciary. *Akins*, 662 P.2d at 487; *People v. Herrera*, 183 Colo. 155, 516 P.2d 626 (1973). Moreover, a court's timely resolution of the motion not only serves to relieve the sentenced defendant of needless uncertainty regarding the finality of the original sentence but also enhances the ability of the Department of Corrections to structure a suitable program for the inmate and assign him to an appropriate correctional facility during his period of incarceration. *See* §§ 17–40–101 to –107, 8A C.R.S. (1986).

When the sentencing court fails to act on a timely filed motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned. What constitutes a "reasonable period of time" and "reasonable efforts by the defendant" will necessarily vary with the circumstances of the case.

### III.

In this case, the defendant filed his motion within the 120–day filing period mandated by Crim.P. 35(b), and the district court retained jurisdiction to rule on the motion within a reasonable period of time after its filing. The district court, however, apparently laboring under the notion that its jurisdiction was interminable, failed to rule on the motion until approximately eighteen months following the expiration of the 120–day filing period. Since the district court did not have the benefit of our opinion in this case, it had no reason to consider whether its ruling was "within a reasonable period of time" following the expiration of the 120–day filing period and whether, if not within a reasonable period of time, the defendant took reasonable efforts to secure an expeditious ruling on the motion. We believe that under these circumstances the defendant and the prosecution should be afforded an opportunity to develop an adequate evidentiary record on these aspects of the case.

We accordingly vacate the judgment and remand the case to the district court for further proceedings consistent with the views herein expressed.

---

**4.** We note that some federal courts have construed the former version of Fed.R.Crim.P. 35(b), which authorized a court to reduce a sentence within 120 days after the sentence was imposed, to require the court to determine the motion for reduction "within a reasonable time." *See, e.g., United States v. DeMier*, 671 F.2d 1200 (8th Cir.1982); *United States v. Smith*, 650 F.2d 206 (9th Cir.1981); *United States v. Mendoza*, 581 F.2d 89 (5th Cir.1978); *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975). Consistent with these cases, the federal rule was amended and became effective in August 1985 to expressly provide that "[t]he court shall determine the motion within a reasonable time." 105 F.R.D. 179, 183. As part of the Comprehensive Crime Control Act of 1984, Fed.R.Crim.P. 35 was totally rewritten in a way that eliminated the former provisions for reduction of sentence. Pub.L. No. 98–473, 98 Stat. 1837, 2015–16 (1984).