The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Devon STEWART, Defendant–Appellee.

No. 91CA1370.

Colorado Court of Appeals, Div. II.

Sept. 24, 1992.

Rehearing Denied Oct. 22, 1992.

Certiorari Denied March 22, 1993.

Norman S. Early, Jr., Dist. Atty., John W. Madden, IV, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, State Public Defender, Patrick J. Mulligan, Andrew C. Heher, Dep-

uty State Public Defenders, Denver, for defendant-appellee.

Opinion by Judge VAN CISE*.

The People appeal from the trial court order granting defendant's Crim.P. 35(b) motion for sentence reduction. We vacate the order and remand the cause with directions.

The prosecution asserts that the trial court erred in granting the motion, arguing that it did not have jurisdiction to rule on the motion and that the it could not grant the motion without a hearing. We conclude that, because of the procedure followed by the trial court, further proceedings are needed.

The defendant was sentenced on November 30, 1987. On January 14, 1988, he filed a motion for reconsideration of his sentence pursuant to Crim.P. 35(b) and requested that ruling thereon be held in abeyance.

Well over three years later, on April 23, 1991, defendant requested a hearing. After requesting that a supplemental motion with accompanying documentation be submitted, the trial court granted the motion for sentence reduction on July 10, 1991, without a hearing. The trial court denied the prosecution's motion for reconsideration, and this appeal followed.

When a defendant has not appealed his conviction or sentence and files a motion for reduction of sentence within 120 days after the imposition of sentence, the sentencing court does not lose jurisdiction to rule upon the motion upon expiration of the 120–day period set out in Crim.P. 35(b). However, the sentencing court must rule on the motion within a reasonable time after its filing. *People v. Fuqua,* 764 P.2d 56 (Colo.1988).

When the sentencing court does not act on a timely filed motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned. *People v. Fuqua, supra.*

Here, the trial court made no findings regarding whether the request for hearing on the motion over three years after it was filed was made within a reasonable period of time. Nor did it make findings on whether the defendant had made reasonable efforts to secure an expeditious ruling on the motion. Under these circumstances, we conclude the defendant and the prosecution should be afforded an opportunity to develop an adequate evidentiary record on these aspects of the case.

Finally, we find no merit in defendant's assertion on appeal that the prosecution is precluded from seeking review of the order granting the motion for reduction of sentence. Here, the prosecution is contesting the procedure involved in ruling on the motion without a hearing, and such procedure is properly reviewable. *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980).

Also, the prosecution was served with a request for hearing on the defendant's motion, the trial court's order requiring a supplemental motion for sentence reduction, and then the letters filed in support of the defendant's original motion. But, the trial court issued its order granting the motion without providing the prosecution with notice of its intended action or an opportunity to conduct a hearing or otherwise make its position known. Such procedure is not proper.

Crim.P. 35(b) provides that the court may, after considering the motion and supporting documents, if any, deny the motion without a hearing or its equivalent by which the contentions of the parties are before the court. By implication, the rule does not permit the trial court to grant the motion without a hearing. Thus, we con-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

clude the trial court erred in granting the motion without a hearing.

Accordingly, the order of the trial court granting the motion for reduction of sentence is vacated, and the cause is remanded for further proceedings consistent with the views expressed herein.

REED and RULAND, JJ., concur.