**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID P. STEVENS,

    Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, L.C.F.;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

    Respondent - Appellee.

No. 11-1161
(D.C. No. 1:10-CV-03085-LTB)
D. Colorado

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

David P. Stevens is currently serving a sentence of life imprisonment in

Colorado state prison as a result of 1994 convictions for first degree kidnapping,

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

conspiracy to commit first degree kidnapping, second degree assault, conspiracy to commit second degree assault, menacing, two counts of crimes of violence, and false imprisonment. The Colorado Court of Appeals affirmed his convictions and the Colorado Supreme Court denied his petition for a writ of certiorari on May 27, 1997. Stevens then filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). This motion was denied by the Colorado district court on January 27, 1998. Two days later, on January 29, 1998, Stevens filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c). Concluding the public defender's office had a conflict of interest, the district court appointed counsel to represent Stevens in the state post-conviction proceedings. Three months after Stevens's counsel moved to quash the convictions and requested a hearing on the Rule 35(c) motion, Stevens filed a *pro se* motion seeking substitution of counsel. On October 7, 1999, his counsel moved to withdraw. The district court granted the motion to withdraw, denied Stevens's request for substitute counsel, and denied Stevens's subsequent motion for reconsideration. Stevens appealed the district court's ruling on November 28, 2000.

On July 18, 2002, the Colorado Court of Appeals dismissed Stevens's appeal for lack of jurisdiction because the district court had not yet ruled on the merits of his Rule 35(c) motion and, thus, no final order had been entered in that proceeding. On October 7, 2003, slightly more than one year after the mandate had returned to the Colorado district court, Stevens filed a motion seeking a

-2-

ruling on an outstanding motion requesting appointment of counsel but did not seek a ruling on the merits of the outstanding Rule 35(c) motion. On April 30, 2004, Stevens filed a second Rule 35(c) motion and Respondents were ordered to file a response. The state court summarily denied the Rule 35(c) motion on July 22, 2004, "for the reasons stated in the [Respondents'] response." Stevens's subsequent appeal was denied in part and granted in part. On remand, the district court held an evidentiary hearing and denied Stevens's ineffective assistance claim on the merits. The Colorado Court of Appeals affirmed the district court's order and the Colorado Supreme Court denied certiorari review on September 7, 2010. Stevens filed his § 2254 application on December 20, 2010.

On January 5, 2011, the federal district court ordered Respondents to file a pre-answer response. In that response, Respondents argued, *inter alia*, that Stevens's § 2254 petition was untimely because it was filed beyond the one-year statute of limitations provided for in 28 U.S.C. § 2244(d)(1). The district court agreed, concluding the Rule 35(c) motion that Stevens filed on January 29, 1998, did not statutorily toll the one-year limitations period because he abandoned the motion by not taking reasonable steps to secure an expeditious ruling. In the alternative, the court concluded Stevens failed to employ proper state court procedures when he attempted to appeal the denial of his request for substitute counsel. Thus, once Stevens filed his notice of appeal from the denial of his request for counsel, the state post-conviction proceedings he initiated on January

-3-

29, 1998, were no longer pending and no longer statutorily tolling the limitations period. The district court also concluded Stevens was not entitled to equitable tolling. Stevens filed an application for a certificate of appealability ("COA") in this court, seeking permission to appeal the district court's denial of his § 2254 application.[1] *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In an order dated July 15, 2011, this court granted Stevens a COA on the question of whether he abandoned the Rule 35(c) motion he filed on January 29, 1998. Respondents were ordered to file an appellate brief and supplement the record with numerous documents, including the two Rule 35(c) motions and a motion Stevens filed in state court on October 7, 2003. Stevens filed a reply to Respondent's response.

Having reviewed the appellate briefs and the record, this court affirms the district court's ruling that Stevens's § 2254 application is untimely. A state prisoner must file his 28 U.S.C. § 2254 habeas application within one year of the date his state conviction became final. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). This one-year period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. *Id*. § 2244(d)(2). "[T]he pendency of a state post-conviction

---

[1] Stevens's request to proceed *in forma pauperis* on appeal is **granted**.

-4-

application . . . encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004). We conclude, as did the district court, that the Rule 35(c) motion Stevens filed on January 29, 1998, did not statutorily toll the one-year limitations period because Stevens abandoned it.

In 2004, Colo. R. Crim. P. 35(c)(3)(IV) was amended to add a requirement that a district court "promptly review" a post-conviction motion and "complete its review within sixty days of the filing or set a new date for completing its review and notify the parties of that date."[2] *See People v. Osorio*, 170 P.3d 796, 798 (Colo. App. 2007) ("The sixty-day rule was added to Crim. P. 35(c)(3)(IV) in 2004 . . . ."). At least at the time Stevens filed his 1998 Rule 35(c) motion, however, he bore some burden under Colorado law to move the postconviction process along. *See People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) ("When the sentencing court fails to act on a timely filed [Crim. P. 35(b)] motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned.");

---

[2]This amendment could explain why Stevens's 1998 Rule 35(c) motion languished unresolved for years but the state court promptly requested a response to his 2004 motion.

*People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (applying *Fuqua* in a case involving a Rule 35(c) motion). Once the mandate returned to the state district court on September 27, 2002, Stevens never made any attempt to pursue a resolution of his claims until he filed the second Rule 35(c) motion nearly eighteen months later.[3] Stevens's inaction is particularly unreasonable given that the 1998 Rule 35(c) motion was nearly five years old by the time the mandate returned to the lower court. Accordingly, we conclude Stevens's failure to seek a ruling on his claims within that eighteen month period was a "fail[ure] to take reasonable efforts to secure an expeditious ruling on the motion." *Fuqua*, 764 P.2d at 58.

The fact that Stevens filed a second Rule 35(c) motion on April 30, 2004, supports the conclusion he abandoned the 1998 motion and elected to proceed anew on the second motion. Although Stevens argues the 2004 motion was nothing more than an amendment to his 1998 motion, the record belies this assertion. The second motion does not reference the first, even in the section where Stevens summarizes the procedural posture of his case, and the claims raised are duplicative, not supplemental. Further, in its ruling announced on October 26, 2006, the Colorado Court of Appeals characterized the April 30th

---

[3]Although Stevens filed a motion in state court on October 7, 2003, styled "Motion for Ruling on Previously Filed Motion," that motion sought a ruling on his request for appointment of counsel. It did not seek any action on the merits of the claims raised in the 1998 Rule 35(c) motion.

motion as a "*second* pro se Crim. P. 35(c) motion" (emphasis added) and

indicated only the 2004 motion was before the state lower court:

> [Stevens] then filed a second pro se Crim. P. 35(c) motion in April 2004. The trial court ordered the district attorney to respond and subsequently denied relief "for the reasons stated in the [P]eople's response filed in this case." Defendant moved for reconsideration. The court denied the motion, concluding that, based on its review of the motion and the court files, defense counsel's performance was adequate and defendant was not deprived of a fair trial.

Stevens argues his 2004 motion could not be a new, successive motion because

Rule 35(c)(3)(VII) prohibits the Colorado courts from considering claims raised

in successive Rule 35(c) motions. *See* Colo. R. Crim. P. 35(c)(3)(VI) (2004)

("The court shall deny any claim that was raised and resolved in a prior appeal or

postconviction proceeding on behalf of the same defendant . . . ."); Colo. R. Crim.

P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented

in an appeal previously brought or postconviction proceeding previously brought

. . . ."). Stevens's 2004 motion, however, was filed before the Colorado Supreme

Court amended Rule 35(c) to include the procedural bars. *See People v. Versteeg*,

165 P.3d 760, 763 (Colo. App. 2006) ("[B]ecause defendant's amended Crim. P.

35(c) motion was filed before July 1, 2004, the claim is not subject to the

automatic procedural bars set forth in the amended Crim. P. 35(c)(3)(VII).");

*People v. Shepard*, 151 P.3d 580, 583-84 (Colo. App. 2006) (referencing the pre-

2004 version of Rule 35(c) and noting "a court is not precluded from considering

a successive motion for postconviction relief"). Thus, contrary to Stevens's argument, the Colorado courts were not barred from considering the claims raised in his 2004 Rule 35(c) motion.

Because Stevens abandoned his 1998 Rule 35(c) motion, he had no "properly filed application for State post-conviction" relief pending in Colorado state court until he filed his second Rule 35(c) motion on April 30, 2004. Because the one-year limitations period had already run by the time that second motion was filed, the 2004 motion does not entitle Stevens to statutory tolling. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). Thus, Stevens's federal § 2254 application which was filed on December 20, 2010—more than thirteen years after his state convictions became final—is clearly untimely.

The record further establishes that Stevens has failed to demonstrate any circumstance that justifies equitable tolling. We can quickly reject his argument that the state district court's failure to resolve his 1998 Rule 35(c) motion was a state-imposed impediment that entitles him to equitable tolling. Equitable tolling is available only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A petitioner is not entitled to equitable tolling unless he can demonstrate (1) he diligently pursued his rights and (2) an extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Stevens clearly does not meet the first requirement. For the many years his 1998 Rule 35(c) motion remained unresolved in state district court, he

made no effort whatsoever to obtain a ruling on the merits. His district court filings were limited to requests for appointment of counsel. Thus, it is clear the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

The district court's order dismissing Stevens's § 2254 habeas application as untimely is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge