23CA1446 Peo v Giron 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1446
City and County of Denver District Court No. 13CR1233
Honorable Kandace C. Gerdes, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Augustine J. Giron,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Johnson and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Augustine J. Giron, Pro Se

¶ 1    Defendant, Augustine J. Giron, appeals the district court's order denying his Crim. P. 35(b) motion.  We affirm.

## I.    Background

¶ 2    In 2014, a jury convicted Giron of one count of aggravated robbery, and the trial court adjudicated him a habitual criminal based on several prior convictions.  The court sentenced him to sixty-four years in the custody of the Department of Corrections in September 2014.  Giron directly appealed his conviction and sentence, and a division of this court affirmed.  *People v. Giron*, (Colo. App. No. 14CA2163, June 29, 2017) (not published pursuant to C.A.R. 35(e)) (*Giron I*).  The mandate in Giron's direct appeal was issued on August 22, 2017.

¶ 3    Giron then filed, among other things, a postconviction motion under Crim. P. 35(c).  The district court denied the motion in a written order, and a division of this court affirmed.  *People v. Giron*, (Colo. App. 21CA1228, March 16, 2023) (not published pursuant to C.A.R. 35(e)) (*Giron II*).

¶ 4    In June 2023, Giron filed a Crim. P. 35(b) motion asking the district court to reduce his sentence to twenty-four or thirty-two years.  In support of this request, he asserted, among other things,

that during his decade in prison he had become an "offender care aide," had "no dirty UA's" (urinalyses), had been "disciplinary free" for three years, and had "stepped away from" gang life.

¶ 5    In a written order, the district court denied Giron's Crim. P. 35(b) motion as untimely.

## II.    Claims Raised for the First Time on Appeal

¶ 6    On appeal, Giron asserts that, after sentencing him, the trial court failed to properly advise him of his postconviction appeal rights and attendant time limitations, and his "special rights as an indigent person."  He further asserts that his trial, direct appeal, and postconviction counsel provided ineffective assistance by failing to similarly advise him.  And he claims that the People "waived the time bar" by not properly raising it "after sentencing, which establishes justifiable excuse" or "excusable neglect for [his] untimely filed [Crim. P.] 35(b)" motion.  As a result of all this, he contends, he "should be able to file a 35(b) motion because he was not properly advised of his appellate process rights."

¶ 7    Because we do not consider issues not raised before the district court in a motion for postconviction relief, *People v. Cali,*

2020 CO 20, ¶ 34, we decline to consider these claims, which are raised for the first time on appeal.

### III. The District Court Did Not Err

¶ 8 To the extent that Giron otherwise challenges the district court's conclusion that his Crim. P. 35(b) motion was untimely, we perceive no error.

¶ 9 A district court retains jurisdiction to modify a sentence pursuant to Crim. P. 35(b) if a motion for reduction of sentence is filed within 126 days after the sentence is imposed or the direct appeal is complete. *See People v. Fuqua,* 764 P.2d 56, 60 (Colo. 1988).

¶ 10 Giron's Crim. P. 35(b) motion was filed nearly six years after the mandate was issued in *Giron I,* his direct appeal. Though it was filed only shortly after *Giron II* — which affirmed the district court's order denying Crim. P. 35(c) relief — the denial of Crim. P. 35(c) relief "does not trigger a new . . . period for filing a motion for reduction of sentence." *Id.* at 60 n.2.

¶ 11 Thus, the district court did not err by concluding that Giron's Crim. P. 35(b) motion was untimely.

## IV. Disposition

The order is affirmed.

JUDGE JOHNSON and JUDGE SCHOCK concur.