23CA0578 Peo v Martinez 07-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0578
Pueblo County District Court No. 05CR2245
Honorable William D. Alexander, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dion Patrick Martinez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Pawar and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Tracy C. Renner, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Dion Patrick Martinez appeals the postconviction court's order denying his most recent Crim. P. 35(b) motion for reduction of sentence. We affirm.

## I.    Background

¶ 2    Martinez pleaded guilty to attempted first degree murder and first degree burglary in exchange for the dismissal of the remaining charges filed against him. In February 2009, the district court sentenced him to forty-eight years in the custody of the Department of Corrections on the attempted murder charge and a concurrent twelve-year sentence on the burglary charge.

¶ 3    In March 2009, Martinez's postconviction counsel filed a timely Crim. P. 35(b) motion for sentence reconsideration (the 2009 motion). Counsel indicated in the motion, however, that he was not requesting a hearing "at this time" and that he would "provide to the [c]ourt further documentation and information for the [c]ourt's consideration at a later time."

¶ 4    The record does not reflect that Martinez's postconviction counsel ever supplemented the 2009 motion or that the court ever ruled on it.

¶ 5    In 2011, Martinez filed multiple timely postconviction motions pursuant to Crim. P. 35(a) and (c) (the 2011 motions). Although, in the 2011 motions, he primarily challenged the validity of his guilty plea, Martinez also included in one of those motions the bald assertion that his plea counsel was ineffective because counsel "never let [him] know about postconviction 35(b)."

¶ 6    The postconviction court summarily denied the 2011 motions, finding that the claims Martinez asserted in those motions lacked merit. Martinez filed an untimely notice of appeal of the order denying the 2011 motions. On April 23, 2012, a motions division of this court dismissed the appeal, with prejudice, because Martinez had not established good cause to accept his untimely notice of appeal.

¶ 7    Later in 2012, Martinez filed a pro se Crim. P. 35(b) motion (the 2012 motion) in which he requested reconsideration of his sentence. Despite the untimeliness of the motion, the postconviction court considered it and the supporting documents on the merits. The court concluded that Martinez's original sentence was appropriate in light of the nature of the underlying

crime and the severity of the victim's injuries. Martinez did not appeal the order denying the 2012 motion.

¶ 8 In 2013, Martinez filed a Crim. P. 35(c) motion (the 2013 motion), which the court summarily denied. A division of this court affirmed the order denying the 2013 motion. *See People v. Martinez*, (Colo. App. No. 13CA1354, Aug. 21, 2014) (not published pursuant to C.A.R. 35(f)).

¶ 9 The next year, Martinez filed another Crim. P. 35(c) motion (the 2014 motion), in which he argued, among other things, that postconviction counsel had been ineffective by failing to supplement the 2009 motion. The court denied the 2014 motion, finding that Martinez had previously raised, and the court had previously resolved, the issues asserted in the 2014 motion.

¶ 10 A division of this court affirmed the order denying the 2014 motion. *See People v. Martinez*, (Colo. App. No. 16CA0553, Nov. 30, 2017) (not published pursuant to C.A.R. 35(e)). The division acknowledged Martinez's ineffective assistance claim regarding postconviction counsel's failure to litigate the 2009 motion but denied that claim as successive because it "either [was] raised and

resolved or could have been presented in [Martinez's] previous postconviction motions."

¶ 11 In 2023, Martinez filed the Crim. P. 35(b) motion (the 2023 motion) that is the subject of this appeal. In the 2023 motion, he argued that postconviction counsel's abandonment of the 2009 motion deprived him of the opportunity for sentence reconsideration. Martinez asserted that, because this deficient representation constituted excusable neglect, the court had jurisdiction to consider his untimely request for sentence reconsideration. The postconviction court denied the 2023 motion, finding that the court had previously addressed and rejected Martinez's request for reconsideration of his sentence in the 2012 motion and that it lacked the authority to consider Martinez's new request for sentence reduction. Martinez appeals the order denying the 2023 motion.

## II. Legal Authority and Standard of Review

¶ 12 The version of Crim. P. 35 in effect at the time the court sentenced Martinez provided that a court may reduce a defendant's sentence within 120 days from, as relevant here, the imposition of the sentence. Crim. P. 35(b) (2009). Once this time limit expires,

the court's jurisdiction to reduce a sentence terminates. *Swainson v. People*, 712 P.2d 479, 480 (Colo. 1986).

¶ 13    However, a court may extend this filing deadline if it finds that the defendant's failure to timely seek a sentence reduction was the result of excusable neglect. Crim. P. 45(b)(2); *Swainson*, 712 P.2d at 480. As relevant here, "[i]f [a defendant] was unconstitutionally deprived of the opportunity to file [a] Crim. P. 35 motion [for reduction of sentence] because of ineffective assistance of counsel, then the trial court would have jurisdiction and could extend the time limit for filing the motion." *Swainson*, 712 P.2d at 480.

¶ 14    To prevail on an ineffective assistance of counsel claim, a defendant must prove that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness and (2) the defendant was prejudiced by the deficient performance, meaning there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove either prong is fatal to an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50, 485 P.3d 566, 574.

¶ 15    We review a court's jurisdiction to consider an untimely filed

Crim. P. 35(b) motion de novo.  *See Herr v. People*, 198 P.3d 108,

112 (Colo. 2008); *see also People v. Maser*, 2012 CO 41, ¶ 10, 278

P.3d 361, 364.

### III.    Analysis

¶ 16    Initially, to the extent Martinez asserts in his opening brief a

substantive Crim. P. 35(c) ineffective assistance claim regarding

postconviction counsel's failure to litigate the 2009 motion, we

decline to address that claim for the first time on appeal.  *See*

*People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998); *People v.*

*Goldman*, 923 P.2d 374, 375 (Colo. App. 1996).  And to the extent

Martinez seeks review of the order denying the 2011 motion, we

lack jurisdiction to do so.  *See* C.A.R. 4(b)(1) (2011) (explaining that,

at the relevant time, a defendant was required to file a notice of

appeal within forty-five days after entry of the order being

appealed); *People v. Baker*, 104 P.3d 893, 895 (Colo. 2005) ("Unless

notice of appeal is timely filed, the court of appeals lacks

jurisdiction to hear the appeal.").

¶ 17    Nonetheless, we have jurisdiction to address the issue that

Martinez properly raised in this appeal — whether he established

6

that his untimely filing of the 2023 motion was the result of excusable neglect stemming from postconviction counsel's ineffective assistance. We conclude that Martinez did not do so.

¶ 18    First, because the postconviction court considered and rejected Martinez's request for a sentence reduction in the 2012 motion, we are not convinced that Martinez established that postconviction counsel's purported deficient performance in failing to pursue the 2009 motion prejudiced him. *See People v. Dunlap*, 124 P.3d 780, 798 (Colo. App. 2004).

¶ 19    Even assuming that postconviction counsel's performance was prejudicially deficient, we conclude that Martinez has not established that this deficient representation excused the untimely filing of the 2023 motion.

¶ 20    Martinez included in the 2011 and 2014 motions allegations regarding postconviction counsel's failure to litigate the 2009 motion. Thus, as early as 2011 and as late as 2014, Martinez was aware of postconviction counsel's allegedly deficient representation, but he failed to explain in the 2023 motion how this ineffective assistance caused him to delay filing the underlying Crim. P. 35(b) motion until 2023. *Cf. People v. Wiedemer*, 852 P.2d 424, 441

(Colo. 1993) ("In making th[e] determination [regarding the applicability of the justifiable excuse or excusable neglect exception to the time bar for Crim. P. 35(c) motions,] we believe it appropriate to consider the circumstances existing throughout the entire period from the inception of the conviction in question . . . ."); *People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002) (The defendant failed to establish justifiable excuse or excusable neglect where "he proffered no reason . . . why he could not have presented his . . . allegations of ineffective postconviction counsel any earlier."). Indeed, Martinez does not provide any argument or authority to suggest that, when postconviction counsel's representation is ineffective, a court's jurisdiction to consider an untimely Crim. P. 35(b) motion is extended indefinitely.

¶ 21 We decline to consider the more developed arguments Martinez asserts for the first time on appeal. *See People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting the defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion").

¶ 22    We conclude that the postconviction court lacked jurisdiction to consider the 2023 motion because Martinez did not establish that his delay in filing it — nearly fourteen years after the running of the deadline in the version of Crim. P. 35(b) in effect at the time — was excusable because it resulted from postconviction counsel's failure to litigate the 2009 motion. *See Ghrist v. People,* 897 P.2d 809, 813 (Colo. 1995) ("If [a Crim. P. 35(b)] motion is not filed within the prescribed period it must be denied unless it falls under a recognized exception."); *People v. Fuqua,* 764 P.2d 56, 59 (Colo. 1988) (holding that a court is divested of jurisdiction to reduce a sentence pursuant to Crim. P. 35(b) if the defendant failed to file a motion within the Rule's deadline).

## IV. Disposition

¶ 23    The order is affirmed.

JUDGE PAWAR and JUDGE LUM concur.