24CA0926 Peo v Shockey 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0926
City and County of Denver District Court No. 17CR7042
Honorable Ericka F.H. Englert, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jacob A. Shockey,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE WELLING
Tow and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tanja Heggins, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1 Defendant, Jacob A. Shockey, appeals the postconviction court's order denying his Crim. P. 35(c) petition for postconviction relief without an evidentiary hearing. We affirm.

## I. Background

¶ 2 Shockey was charged with (1) criminal attempt to commit murder in the first degree; (2) assault in the first degree; (3) possession with intent to manufacture or distribute a controlled substance; and (4) possession of a weapon by a previous offender. The People later added two crime of violence sentence enhancers. Pursuant to a plea agreement, Shockey pleaded guilty to count two — assault in the first degree — and the People dismissed the remaining counts. On June 1, 2018, the district court sentenced him to twenty years in the custody of the Department of Corrections. Shockey didn't directly appeal his conviction or sentence.

¶ 3 On August 8, 2022, Shockey filed a pro se petition for postconviction relief under Crim. P. 35(c), asserting that his plea counsel was ineffective because he had promised Shockey that he would file a Crim. P. 35(b) motion to reduce his sentence after Shockey pleaded guilty, but that plea counsel never did so.

Shockey attached to the petition a letter dated August 20, 2021, that his counsel had sent him. The letter said in its entirety, as follows:

> I received your letter about a 35b in the Denver case I represented you in. I apologize, I never filed it. From what I remember you still had to deal with your F1 in Arapahoe and we didn't know what was going to happen. Because I failed to file your 35b though, you should be able to file a 35c ineffective assistance of counsel against me and get your 35b that way. Attached are the forms you need to fill out and mail to the Denver court. Your Denver case # was 17CR7042. Mail the form to Division 5A of the Denver District Court at 520 W. Colfax Ave, Denver, CO 80204. Let me know if there is anything else I can do to help. Good luck with everything going forward.

¶ 4    In his petition, Shockey checked the box indicating that his petition was untimely but that the justifiable excuse or excusable neglect exception applied. He further explained that he had "only just recently found out that there are time lines for such matters" because he was "law dumb." He explained that, had he known his counsel wouldn't file the Crim. P. 35(b) motion, he "wouldn't [have] felt pressured into agreeing with the plea agreement" and he pleaded guilty because his counsel had said he would file a Crim. P.

2

35(b) motion. In turn, he asked that the plea agreement be voided and that he be permitted to withdraw his guilty plea.

¶ 5 A week later, the postconviction court entered an order appointing postconviction counsel "for the purpose of pursuing and presenting an ineffective assistance of counsel claim regarding [plea counsel's] failure to file a 35(b) motion." On October 24, 2023, postconviction counsel filed a supplemental petition requesting that the postconviction court (1) find that Shockey's pro se petition was timely filed and (2) conduct an evidentiary hearing on the pro se petition. After the People filed a response, the postconviction court entered an order denying Shockey's petition without a hearing because he hadn't adequately alleged facts that, if true, established (1) justifiable excuse or excusable neglect to allow his untimely filing or (2) that he was prejudiced by his plea counsel's deficient performance.

## II. Standard of Review and Legal Principles

¶ 6 We review de novo a district court's denial of a Crim. P. 35(c) petition without a hearing. *People v. Medina*, 2019 COA 103M, ¶ 4. Once a district court refers the matter to counsel, it can nevertheless deny the motion without a hearing if "based on the

3

pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law." Crim. P. 35(c)(3)(V).

¶ 7 A Crim. P. 35(c) petition must be filed within three years of a defendant's conviction for a felony offense other than a class 1 felony. § 16-5-402(1), C.R.S. 2025. When, as here, there was no direct appeal, a conviction is final on the date the district court imposed the sentence. *See People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006). But there is an exception to the three-year limitations period if a defendant establishes that his "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). Factors that a court should consider in determining whether a defendant has established justifiable excuse or excusable neglect, include

> (1) whether there existed circumstances or outside influences preventing a challenge to a prior conviction; (2) whether a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available; (3) whether a defendant either knew that the conviction was constitutionally infirm or had reason to question its validity;

(4) whether a defendant had other means of preventing the government's use of the conviction so that a post-conviction challenge was previously unnecessary; (5) the length of time that has elapsed between the date of conviction and defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge.

*People v. Vigil*, 983 P.2d 805, 809-10 (Colo. App. 1999) (citing

*People v. Wiedemer*, 852 P.2d 424, 441-42 (Colo. 1993)).

¶ 8    "[A] Crim.[ ]P. 35(c) motion must allege facts that if true would establish justifiable excuse or excusable neglect in order to entitle the moving party to a hearing on the applicability of this exception to the time bar of § 16-5-402(1)." *Wiedemer*, 852 P.2d at 440 n.15. Ineffective assistance can amount to justifiable excuse or excusable neglect when counsel's ineffectiveness prevents the defendant from pursuing a timely claim for postconviction relief. *People v. Martinez-Huerta*, 2015 COA 69, ¶ 21. But a defendant attempting to show justifiable excuse or excusable neglect must account for the entire period up to the filing of the untimely claim. *See Wiedemer*, 852 P.2d at 441.

### III. Analysis

¶ 9      We agree with the postconviction court that Shockey's Crim. P. 35(c) petition was untimely and that he didn't allege facts in his pro se petition or supplemental petition that, if true, established justifiable excuse or excusable neglect. We therefore affirm.

¶ 10     It's not disputed that Shockey filed his petition after the three-year deadline for doing so had passed. The district court sentenced Shockey on June 1, 2018. Shockey filed his pro se petition for postconviction relief pursuant to Crim. P. 35(c) on August 8, 2022, more than four years and two months later. He, therefore, missed the statutory deadline to file his petition by approximately one year and two months. § 16-5-402(1).

¶ 11     Moreover, Shockey didn't allege facts that, even if true, established justifiable excuse or excusable neglect to entitle him to a hearing on whether this exception to the three-year time bar applied. *See Wiedemer*, 852 P.2d at 440 n.15.

¶ 12     For the purpose of our analysis, we assume that Shockey adequately alleged facts that, if true, would explain his failure to file his Crim. P. 35(c) motion before he received the August 2021 letter from his plea counsel explaining that counsel had failed to file a

6

Crim. P. 35(b) and that, based on this failure, plea counsel believed Shockey had a meritorious Crim. P. 35(c) motion. But he must still account for the additional year delay after receiving that letter. *See id.* at 441. That's where his petition and supplemental petition fall short.

¶ 13 To account for the delay between August 2021 and August 2022, Shockey explained in his pro se petition that he had only recently found out about the time limits to file a Crim. P. 35(c) petition and that he was "law dumb." His postconviction counsel's supplemental petition didn't provide much more information on this issue or cite any applicable case law.[1] The supplemental petition merely explained that Shockey filed his petition a year after getting plea counsel's letter for the following three reasons:

1. Even though plea counsel's letter said that Crim. P. 35(c) forms were attached, Shockey "never received the forms."

---

[1] Postconviction counsel cites only one case — *Swainson v. People*, 712 P.2d 479 (Colo. 1986). But after explaining in detail the facts of the case, she doesn't explain why it's analogous to the facts here. In any event, *Swainson* addresses the time bar to filing a Crim. P. 35(b) motion, not a Crim. P. 35(c) motion, as is applicable here. *See id.* at 480-81.

2. Shockey is "law illiterate" and "needed assistance" to file the petition, and he didn't receive such assistance until an unspecified time in 2022 when he met with an attorney who was representing him in a different case.

3. Shockey didn't "have access to the law library at the Colorado State Penitentiary Facility, where he resided."

¶ 14 Assuming these assertions are true, as we must, they don't establish justifiable excuse or excusable neglect. Taken together, his contention from his pro se petition and his first and second contentions from his supplemental petition amount to an argument that the court should have excused his untimeliness because he didn't understand the law and didn't receive adequate legal assistance. But "[i]gnorance or misunderstanding of the law and lack of legal assistance does not excuse the late filing of a Crim. P. 35(c) motion." *People v. Green*, 36 P.3d 125, 128 (Colo. App. 2001).

¶ 15 Shockey's third contention — that he didn't have access to his prison's law library — doesn't fare any better. The entirety of his assertion of lack of access to the law library is as quoted above. In his supplemental petition, he doesn't explain *when* he didn't have

access to the law library.[2]  Nor does he explain why this unspecified lack of access impeded his ability to file his Crim. P. 35(c) motion for more than a year after he received plea counsel's letter.  After all, that letter gave him all the information he needed to plead his claim (including where it should be sent) and, in that letter, plea counsel offered to provide further assistance.  Neither the petition nor the supplemental petition contains any factual allegations concerning any efforts that Shockey made to promptly and diligently follow up on the information that plea counsel provided to him in August 2021.  Simply put, Shockey's assertion of lack of library access is too bare and conclusory to establish why he waited a year after receiving plea counsel's letter to file his petition.  *See People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) ("[I]f the claims are bare and conclusory in nature, and lack supporting factual allegations, the motion may also be denied without a hearing.").

---

[2] On appeal, Shockey asserts that he didn't have access to the law library because of COVID restrictions.  Because he didn't present this argument to the postconviction court, we decline to consider it. *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996).

¶ 16 We therefore agree with the postconviction court's conclusion that Shockey failed to assert facts that, if true, established justifiable excuse or excusable neglect. And because we conclude that Shockey failed to justify the late filing of his petition, we need not reach the issue of whether Shockey adequately alleged prejudice (or his contention that prejudice can be presumed under these circumstances). *See People v. Kadell*, 2017 COA 124, ¶ 39 (noting that if a court finds no justifiable excuse or excusable neglect that excuses an untimely Crim. P. 35(c) filing, then the court need not reach the merits of the ineffective assistance of counsel claim).

## IV. Disposition

¶ 17 The order is affirmed.

JUDGE TOW and JUDGE LIPINSKY concur.